UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIRATH VIKRAM GUNDU and
ISHA DIDDY,

        Plaintiffs/Counter-Defendants,

                                         Case No. 24-cv-10249
v.                                     Honorable Linda V. Parker

SRINATH KALMADI and
ARTI UPADHYAYA,

        Defendants/Counter-Plaintiffs.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFFS/COUNTER-
DEFENDANTS' MOTION FOR ATTORNEY FEES, COSTS, AND
PREJUDGMENT INTEREST</u>**

This lawsuit arose from the parties' ownership and operation of two Indian-themed restaurants in Metropolitan Detroit.  Adirath Virkram Gundu and Isha Diddy ("Plaintiffs") eventually sold their interests in the restaurants to Srinath Kalmadi and Arti Upadhyaya ("Defendants") pursuant to a Membership Interest Purchase Agreement ("Purchase Agreement").  When Defendants failed to pay Plaintiffs the full amount due under the Purchase Agreements, Plaintiffs sued Defendants for breach of contract.  Defendants filed a Counter-Complaint alleging that Plaintiffs breached the Purchase Agreement and the agreement under which the parties operated both restaurants.

After discovery closed, Plaintiffs filed a motion seeking summary judgment as to their breach of contract claim and Defendants' counterclaims.  In an Opinion and Order entered August 4, 2025, this Court granted Plaintiffs' motion.  (ECF No. 28.)  The Court also awarded Plaintiffs their reasonable attorneys' fees and costs pursuant to the Purchase Agreement.  The Court instructed Plaintiffs, within fourteen days of its decision, to file a request for their attorney's fees and costs, along with documentation supporting their request.  The Court indicated that Defendants could file any opposition to the amount requested within seven days of Plaintiffs' filing.  Plaintiffs subsequently filed a motion for their fees and costs, along with supporting documentation.  (ECF No. 29.)

In the pending motion, Plaintiffs seek an award of attorneys' fees in the amount of $42,999.75 and costs of $714.  (*Id.*)  They also request prejudgment interest of $19,077.56 on the award pursuant to Michigan Compiled Laws §§ 437.7 and 600.6013(8).  Defendants responded to the motion, arguing that neither of the parties' agreements allowed for an attorney fee award.  (ECF No. 30.)  Defendants also oppose an award of prejudgment interest.  They seem to be contending that the interest rate proposed by Plaintiffs is too high, and they argue that there should be no prejudgment interest for an attorney-fee award as that award should not have been made.

2

After the Court issued its August 4 decision, Defendants did not file a motion challenging the Court's holding that Plaintiffs are entitled to an award of their attorney's fees.  They also did not dispute that the Purchase Agreement provides for an award when responding to Plaintiffs' summary judgment motion. As such, they forfeited the argument, and it is procedurally improper for them to raise it only in response to Plaintiffs' current request.  *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to address an argument in response to a motion amounts to a forfeiture of the claim); *Murray v. Geithner*, 763 F. Supp. 2d 860, 871-72 (E.D. Mich. 2011) (citing *Humphrey v. U.S. Atty. General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008)) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived.").  In any event, as it did in the summary judgment decision, the Court interprets paragraph (c) of the Purchase Agreement as providing for an award of attorney's fees due to Defendants' breach.[1]  (*See* ECF No. 1 at PageID.11.)

---

[1] The provision states, in relevant party:  "In the event that litigation results from or arises out of this Agreement or the performance, thereof, the parties agree to reimburse the prevailing party's reasonable attorney's fees, court costs, and all other expenses, whether or not taxable by the court as costs, in addition to any other relief to which the prevailing party may be entitled."  (ECF No. 1 at PageID.9-10 ¶ 6(c).)

As the Court concludes that Plaintiffs are entitled to an attorney's fee award, Defendants' argument concerning interest on that award lacks merit. Defendants' remaining argument concerning interest is vague. "It is insufficient 'for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (ellipsis removed). "And in instances where 'issues are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,'" they are considered forfeited. *Id.* (quoting *McPherson*, 125 F.3d at 995-96) (brackets removed).

Applying the lodestar method, the Court finds Plaintiffs' requested fees to be reasonable. The hours expended and rates charged are reasonable. Therefore, the Court is **GRANTING** Plaintiffs' motion.

     **SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 23, 2026

4